## CORNISH VS. SARGENT.

Where the mandate of this court is filed during the term of the Circuit Court, the cause ought to be continued; and it is error to take judgment by default against the defendant at that term.

The failure to file the mandate of this court in the Circuit Court, for any period of time after the case is remanded, is no cause of abatement.

*Error to Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for the plaintiff in error.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Sargent sued Cornish in the Union Circuit Court, on a note, and obtained judgment by default. Cornish brought the case to this court by writ of error, and at the July term, 1856, the judgment was reversed, and the cause remanded with instructions to the court below to permit Cornish to file pleas in bar.

At the October term, 1860, of the Union Circuit Court, Sargent filed the mandate of this court, which the Circuit Court ordered to be spread upon its records, and directed the cause to be reinstated upon the docket; and, at the same term, Sargent took judgment by default against Cornish for the amount of the note declared on.

Cornish sued out a writ of error to reverse the judgment so obtained against him.

The mandate of this court being filed in term, the cause should have been continued until the next term, without judgment, under the 14*th Rule of Practice.* 3 *Eng. R.* 240.

It is insisted for the plaintiff in error that the case should have been abated because of the neglect of Sargent to file the mandate for so long a period, but we have no statute making such want of diligence cause of abatement.

The judgment must be reversed, and the cause remanded for further proceedings.